```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
          v.                      ) CRIMINAL NO. 05-CR-10150-JLT
                                  )
ROBERT M. SMITH                   )
                                  )
          Defendant               )
```

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim P. 30, the government hereby requests that the Court give the following jury instructions, in addition to the Court's customary instructions common to all criminal cases. The government reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence presented at trial.

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                        By:   /s/ S. Waqar Hasib
                              S. WAQAR HASIB
                              Assistant U.S. Attorney
```

Dated: May 14, 2006

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

<u>Stipulations</u>

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.[1]

---

[1] <u>See</u> First Circuit Pattern Jury Instructions - Criminal (1998) 2.01

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

<u>Flight</u>

Intentional flight by a defendant from being apprehended for the crime for which he is now on trial may be considered by you in the light of all the other evidence in the case. The burden is upon the government to prove intentional flight. Moreover, that flight must be from the crime charged here, and not from some other crime or perception of a crime.[2] Intentional flight from being apprehended for the crime charged here is not alone sufficient to conclude that the defendant is guilty. At most, it may provide the basis for an inference of consciousness of guilt. But flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt. In your consideration of the evidence of flight, you should consider that there may be reasons for the defendant's actions that are fully consistent with innocence.

It is up to you as members of the jury to determine whether or not evidence of intentional flight shows a consciousness of guilt of the crime charged here, and the weight or significance

---

[2] <u>See</u> <u>United States v. Antoine</u>, 124 F.3d 842, 1997 WL 571991 (1st Cir. 1997)(unpublished); <u>see also</u> <u>United States v. Luciano Mosquera</u>, 63 F.3d 1153, 1156 (1swt Cir. 1993)

to be attached to any such evidence.[3]

---

[3]See First Circuit Pattern Jury Instructions - Criminal (1998) 2.09

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

<u>Felon in Possession of a Firearm</u>

The defendant is charged with possessing a firearm and ammunition in or affecting commerce after having been convicted of a crime punishable by imprisonment for more than one year. For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

First, that the defendant has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. I instruct you that the parties have stipulated that the defendant has been convicted of a crime which is punishable by imprisonment for a term exceeding one year. You are to take that fact as proven.

Second, that the defendant knowingly possessed the firearm and ammunition described in the indictment.  The term "firearm" means any weapon which will or is designed or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.

Third, that the firearm and ammunition was connected with interstate commerce. This means that the firearm and ammunition, at any time after it was manufactured, moved from one state to another.  The travel need not have been connected to the charge

in the indictment and need not have been in furtherance of any unlawful activity.

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership.  The law recognizes different kinds of possession.[4]

>                        Respectfully submitted,
>
>                        MICHAEL J. SULLIVAN
>                        United States Attorney
>
>                    By: /s/ S. Waqar Hasib
>                        S. WAQAR HASIB
>                        Assistant U.S. Attorney

---

[4] See First Circuit Pattern Jury Instructions - Criminal (1998) 4.06

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                     /s/ S. Waqar Hasib
                                     S. WAQAR HASIB
                                     Assistant U.S. Attorney


Date: May 14, 2006